Mathews, J.
In this case, a rule is claimed on the district court, to shew cause why an appeal should not be allowed from a decision, by which a venire for a special jury is awarded, for the trial of the cause, &c. In support of the motion for the rule, the acts of the legislature, on the subject of juries, and several decisions of the supreme court, are relied on. The present case, as presented to the court, is precisely the reverse of that of Labatut vs. Puche; there the exception to the opinion of the court, was on a refusal of a venire for a special jury ; and now it is to a decision by which the writ is granted. Perhaps the expression of opinion, as to the discretion of the district court, in the former case, is rather too broad and indefinite. But I have no doubt of its correctness in principle; that is, that the manner of conducting the trial of a cause must be left to the discretion of the court *447 before which it is pending, until final judgment, or some decision which causes an irreparable injury to the party desiring to appeal. I cannot adopt the distinction attempted to be made out by one of the counsel, between the remedy, either by a judgment final and conclusive of the appellate court,or by sending the cause back to the original tribunal to be tried de novo. It ought to be satisfactory, if the supreme court can, in any manner of proceeding, authorised by law, correct the errors, and remedy the injuries of which complaint may be made, by a party who thinks himself aggrieved, after final judgment in the inferior court. In this view of the subject, I see nothing conflicting between the case of Poydras vs. Livingston, and that of Labatut vs. Puche. I am still of opinion, that when two courts, of competent and concurrent jurisdiction, exist, a suitor has a right to select by which he will have his cause decided; and that the court wherein he commences his action, ought to proceed to final judgment on the merits of his case, unless legal causes of recusation be shewn. An absolute and entire refusal of a court to try a cause, has the same effect as a non-suit or dismissal, by compelling the plain *448 tiff to pay costs, and prosecute his claim in some other tribunal; an injury which could, in no manner, be repaired by the appellate court on an appeal from a final judgment, rendered in the second suit. A judgment by which a court wholly declines the trial of a cause, is certainly final in that suit, although it may not be finally decisive on the rights of the parties.
I therefore concur in opinion, that the rule ought not to be granted.